UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
GPIF-I EQUITY CO., LTD. and                              :
GPIF-I FINANCE CO., LTD.,                                :
                                                         :
                Plaintiffs-Counterclaim Defendants,      :
v.                                                       :        Case No. 13 Civ 547 (CM)
                                                         :
HDG MANSUR INVESTMENT SERVICES, INC.,                    :
HDGM ADVISORY SERVICES, LLC, and                         :
HAROLD D. GARRISON                                       :
                                                         :
                Defendants-Counterclaim Plaintiffs.      :
----------------------------------------------------------------- x
HDG MANSUR INVESTMENT SERVICES, INC.,                    :
and HDGM ADVISORY SERVICES, LLC,                         :
                                                         :
                Third-Party Plaintiffs,                  :
                                                         :
v.                                                       :
                                                         :
HSBC SECURITIES (USA) INC.                               :
                                                         :
                Third-Party Defendant.                   :
----------------------------------------------------------------- x


**MEMORANDUM OF LAW IN SUPPORT OF
HSBC SECURITIES (USA) INC.'S MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................1

FACTUAL BACKGROUND ..................................................................................................1

      A.     Defendants and the Funds Were Parties to the Fund Management Agreements. .....2

      B.     HSBC Was Party to a Separate Distribution Agreement with the Funds. ...............2

      C.     The Funds Allegedly Breached the FMA by Failing to Pay Defendants Various Fees Upon Their Termination as Fund Manager. ......................................2

ARGUMENT .........................................................................................................................3

CONCLUSION ......................................................................................................................5

# TABLE OF AUTHORITIES

**Federal Cases**

*Alter v. Bogoricin,*
   *No. 97 Civ. 0662, 1997 WL 691332 (S.D.N.Y. Nov. 6, 1997)*...................................................3

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)........................................................................................................1

*De Jesus v. Sears, Roebuck & Co., Inc.,*
   87 F.3d 65 (2d Cir. 1996) .............................................................................................1

*Lazar's Auto Sales, Inc. v. Chrysler Fin. Corp.,*
   83 F. Supp. 2d 384 (S.D.N.Y. 2000) ..........................................................................4

*Sharma v. Skaarup Ship Mgmt. Corp.,*
   916 F.2d 820 (2d Cir. 1990) .....................................................................................3, 4

**State Cases**

*Sun Gold, Corp. v. Moon Stillman,*
   946 N.Y.S.2d 24, 24 (1st Dep't 2012)........................................................................5

*Ferrandino & Son, Inc. v. Wheaton Builders, Inc.,*
   920 N.Y.S.2d 123, 125 (2d Dep't 2011)......................................................................5

HSBC Securities (USA), Inc. ("HSBC") respectfully submits this memorandum of law in support of its motion to dismiss the single claim asserted against it in the Counterclaims and Third-Party Complaint ("HDG Complaint") brought by Defendants and Third-Party Plaintiffs HDG Mansur Investment Services, Inc. and HDGM Advisory Services, LLC (the "HDG Entities" or "Defendants").

## PRELIMINARY STATEMENT

Defendants have asserted a single claim against HSBC, for alleged interference with contract.  The gravamen of the claim is that HSBC tortiously interfered with the Fund Management Agreements ("FMA") between Defendants and the Funds, which Defendants say the Funds breached when they failed to pay Defendants various fees upon their termination as fund manager.

To state such a claim, Defendants would have to allege that: (i) HSBC intentionally procured a breach of the FMA; (ii) HSBC's acts actually interfered with the FMA; and (iii) HSBC was the but-for cause that the FMA was breached.  Defendants have not alleged *any* of these things, much less all of them.  They have not alleged that HSBC engaged in acts for the purpose of interfering with the FMA.  They have not alleged that anything HSBC did interfered with the FMA or induced the Funds to breach the FMA.  And they have not alleged that HSBC was the but-for cause of the supposed breach.  The claim should be dismissed.

## FACTUAL BACKGROUND

The following is a recitation of relevant facts as alleged in the HDG Complaint.  Although the Court generally must accept as true, for the purposes of this motion, all well-pleaded factual allegations, it need not accept the truth of conclusory assertions for which there are no factual underpinnings or that are implausible.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996).

1

**A.** **Defendants and the Funds Were Parties to the Fund Management Agreements.**

The Funds are real estate investment funds that invest in a diversified portfolio of real estate properties.  HDG Compl. ¶ 3.  Beginning in September 2002, Defendants acted as fund manager to the Funds pursuant to the FMA.  *Id.* ¶ 12.  As fund manager, Defendants were responsible for such tasks as investigating and negotiating acquisitions of properties, performing financing services, and hiring property managers and leasing agents.  *Id.* ¶¶ 16-18.  HSBC is not alleged to have been (and was not) a party to the FMA.

**B.** **HSBC Was Party to a Separate Distribution Agreement with the Funds.**

HSBC served as Placement Agent for the Funds and was party to a "Distribution Agreement" with the Funds.  *Id.* ¶¶ 40-41.  Defendants are not alleged to have been (and were not) parties to the Distribution Agreement.

According to the HDG Complaint, "HSBC's primary duty and obligation under its Distribution Agreement with the Funds was to market the Funds to potential investors for the purpose of raising capital for the Funds."  *Id.* ¶ 41.  Defendants allege that,"[b]eginning in 2006, HSBC failed to perform their obligations in marketing and raising capital for the Funds."  *Id.* ¶ 43.  It supposedly did so "because senior HSBC executives resented that the Funds were performing better than internal HSBC real estate funds."  *Id.* ¶ 44.

**C.** **The Funds Allegedly Breached the FMA by Failing to Pay Defendants Various Fees Upon Their Termination as Fund Manager.**

In late December 2012, the Funds' boards voted to terminate Defendants as fund manager, effective as of January 2, 2013.  *Id.* ¶¶ 21-22.  Shortly thereafter, the Funds brought suit against Defendants, alleging that Defendants misappropriated upwards of $5.8 million in Fund assets and engaged in fraudulent conduct.  *See generally* Complaint, ECF No. 1.

According to the HDG Complaint, "certain monies are due to the HDG Entities" upon termination of the FMA.  HDG Compl. ¶ 26.  The Funds are alleged to have breached the FMA "by terminating the HDG Entities as Fund Manager to the Funds without paying the HDG Entities any of the approximately $20.3 million in fees and payments owed to the HDG Entities upon their termination as Fund Manager."  *Id.* ¶ 56.  There is no allegation that the Funds breached the FMA in any other way, or that the FMA was breached at any time before January 2013, when Defendants were terminated as fund manager.  HSBC is not alleged to have participated in the termination of Defendants as fund manager or the decision not to pay the termination fees that supposedly are due to Defendants.

## ARGUMENT

To assert a claim for tortious interference with contract, Defendants must allege, among other things, that: (i) HSBC intentionally procured a breach of the FMA; (ii) HSBC's acts actually interfered with the FMA; and (iii) HSBC was the but-for cause that the FMA supposedly was breached.  *See Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir. 1990) ("Intentional procurement of a breach is an essential element," and a plaintiff "must allege that there would not have been a breach but for the activities of defendants") (citation omitted) (affirming dismissal); *Alter v. Bogoricin*, No. 97 Civ. 0662, 1997 WL 691332, at *12 (S.D.N.Y. Nov. 6, 1997) ("plaintiff must allege facts sufficient to establish that defendants actually interfered with the contract") (dismissing claim).  Defendants have failed to allege any of these essential elements of their claim.

Nowhere in the HDG Complaint are there any factual allegations (as opposed to conclusory assertions) that HSBC intentionally procured a breach of the FMA.  The only allegations as to HSBC's alleged misconduct concern its supposed failure to market and raise capital as required by its separate Distribution Agreement with the Funds.  *See, e.g.*, Compl. ¶ 43

3

("HSBC failed to perform their obligations in marketing and raising capital for the Funds");
*id.* ¶ 45 ("HSBC refused to raise capital for the Funds").  Defendants are not a party to the
Distribution Agreement, and, in any event, HSBC is not alleged to have induced a breach of that
Agreement.  Moreover, on Defendants' own allegations, HSBC is not alleged to have failed to
market and raise capital because it intended to procure a breach of the FMA, but rather because it
supposedly "resented that the Funds were performing better than internal HSBC real estate
funds." *Id.* ¶ 44.

Nor have Defendants alleged any facts showing that HSBC did anything that actually
interfered with Defendants' supposed right to receive termination fees under the FMA.  Indeed,
HSBC's alleged misconduct—its supposed failure to market and raise capital for the Funds—
supposedly began in 2006, *7 years* before the Funds allegedly breached the FMA in early 2013.
*Compare* HDG Compl. ¶ 43 (HSBC allegedly failed to perform capital-raising duties
"[b]eginning in 2006"), *with id.* ¶ 22 (Funds allegedly breached FMA by failing to pay "fees and
payments owed to the HDG Entities upon their termination as Fund Manager" effective January
2013).  If HSBC's alleged misconduct really were capable of interfering with the FMA, then the
FMA would have been breached long before 2013.

Finally, Defendants have not alleged any facts showing that there "would not have been a
breach but for the activities of [HSBC]"—that HSBC was the "motivating force" behind the
alleged breach of the FMA.  *Sharma*, 916 F.2d at 828 (citation omitted); *see also Lazar's Auto
Sales, Inc. v. Chrysler Fin. Corp.*, 83 F. Supp. 2d 384, 391 (S.D.N.Y. 2000) (granting motion for
summary judgment, and remarking that plaintiffs must allege that third party "would not have

breached except for the wrongful activities of the defendant").[1]  Rather, the only plausible explanation for the Funds' decision not to pay the termination fees is the Funds' belief, as demonstrated by their allegations in the complaint that commenced this litigation, that Defendants materially breached the FMA by fraudulently misappropriating the Funds' assets.

## CONCLUSION

For the foregoing reasons, HSBC respectfully requests that the HDG Complaint against HSBC be dismissed in its entirety.


Dated: New York, New York
      March 11, 2013

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:  _/s/ Charles C. Platt_____
    Charles C. Platt
    Jeremy S. Winer
  7 World Trade Center
  250 Greenwich Street
  New York, New York 10007
  Tel: (212) 230-8800
  Fax: (212) 230-8888

*Attorneys for Third-Party Defendant HSBC
Securities (USA), Inc.*

---

[1] *See also Sun Gold, Corp. v. Moon Stillman*, 946 N.Y.S.2d 24, 24 (1st Dep't 2012) ("Plaintiff's claim against [defendant] alleging tortious interference with contract is [] not viable because plaintiff cannot show that 'but for' [defendant's] conduct, the [contract] would not have been breached"); *Ferrandino & Son, Inc. v. Wheaton Builders, Inc.*, 920 N.Y.S.2d 123, 125 (2d Dep't 2011) ("To state a cause of action alleging tortious interference with contract" a plaintiff "must specifically allege that the contract would not have been breached but for the defendants' conduct") (citation omitted).