UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GPIF-I EQUITY CO., LTD. and                           :
GPIF-I FINANCE CO., LTD.,                             :
                                                      :
       Plaintiffs-Counterclaim Defendants,      :
v.                                                    :   Case No. 13 Civ 547 (CM)
                                                      :
HDG MANSUR INVESTMENT SERVICES, INC.,                 :
HDGM ADVISORY SERVICES, LLC, and                      :
HAROLD D. GARRISON                                    :
                                                      :
       Defendants-Counterclaim Plaintiffs.      :
------------------------------------------------------------------ x
HDG MANSUR INVESTMENT SERVICES, INC.,                 :
and HDGM ADVISORY SERVICES, LLC,                      :
                                                      :
       Third-Party Plaintiffs,                  :
                                                      :
v.                                                    :
                                                      :
HSBC SECURITIES (USA) INC.                            :
                                                      :
       Third-Party Defendant.                   :
------------------------------------------------------------------ x

**REPLY BRIEF IN FURTHER SUPPORT OF
HSBC SECURITIES (USA) INC.'S MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ....................................................................................................................................... 2

    A.    Defendants Have Not Alleged That the Funds Breached an Obligation to "Mak[e] New Investments in Properties." ............................................................. 2

    B.    If Defendants Were Able to Allege That the Funds Breached an Obligation to "Mak[e] New Investments in Properties," They Would Have Done So in Their Breach-of-Contract Claim Against the Funds ......................................................... 3

    C.    The Funds Were Not Obligated Under the FMA to "Mak[e] New Investments in Properties" or Otherwise to Enter Into Fee-Generating Transactions. ................ 4

CONCLUSION .................................................................................................................................... 5

## TABLE OF AUTHORITIES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................................................4

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002) ....................................................................................................4

*In re Take-Two Interactive Sec. Litig.,*
    551 F. Supp. 2d 247 (S.D.N.Y. 2008) .....................................................................................3

*Marino v. Northwestern Mut. Life Ins. Co.,*
    No 00 Civ. 3212, 2001 WL 262574 (S.D.N.Y. Mar. 14, 2001) ...............................................2

*Millar v. Ojima,*
    354 F. Supp. 2d 220 (E.D.N.Y. 2005) .....................................................................................2

*Robins v. Max Mara, U.S.A., Inc.,*
    923 F. Supp. 460 (S.D.N.Y. 1996) ..........................................................................................2

*Wright v. Ernst & Young LLP,*
    152 F.3d 169 (2d Cir. 1998) ....................................................................................................3

Third-party defendant HSBC respectfully submits this reply memorandum of law in further support of its motion to dismiss the HDG Entities' ("Defendants'") single claim against HSBC, for tortious interference with contract.[1]

## PRELIMINARY STATEMENT

Defendants acknowledge that, to state a claim against HSBC for tortious interference with contract, they must allege that a contract was breached and that HSBC was the but-for cause of the breach. Opp. Br. at 6. The HDG Complaint identifies one—and only one—way in which a contract with Defendants supposedly was breached: Defendants allege that the Funds breached the FMA by failing to pay various fees upon Defendants' termination as Fund Manager in 2013:

> The Funds have breached the FMA by terminating the HDG Entities as Fund Manager for the Funds without paying the HDG Entities any of the approximately $20.3 million in fees and payments owed to the HDG Entities upon their termination as Fund Manager for the Funds.

HDG Compl. ¶ 56.

Defendants now admit that this alleged breach "is not the breach at issue in the tortious interference claim against HSBC." Opp. Br. at 8. Instead, in their opposition brief, Defendants allege that the Funds "breach[ed] the FMA by not making new investments in properties and paying the HDG Entities the fees that would have been owed," and that *this* is the alleged breach caused by HSBC. *Id.* at 4; *see also id.* at 1 (asserting that the Funds failed to fulfill "duties under the FMA" to "invest in real estate obligations and compensate the HDG Entities accordingly"). This allegation, however, appears nowhere in the HDG Complaint, is at odds with the allegations

---

[1] Capitalized terms used herein have the same meaning as in HSBC's opening brief. Although Defendants' opposition brief ("Opp. Br.") refers to an "HDG Complaint" and also to HDG "Counterclaims," Opp. Br. at 2 n.1, 3 n.2, both their third-party claim against HSBC and their counterclaims against the Funds appear in a single document (the "HDG Compl."), captioned "Counterclaims and Third-Party Complaint" (Dkt. No. 22).

1

that do appear in the complaint, and is unsupported by the facts.  The claim against HSBC should be dismissed.

## ARGUMENT

### A. Defendants Have Not Alleged That the Funds Breached an Obligation to "Mak[e] New Investments in Properties."

Nowhere in their complaint do Defendants allege that the Funds breached any so-called "duties" under the FMA to "mak[e] new investments in properties" in order to generate fees for Defendants.  Opp. Br. at 1, 4.  Indeed, the only time that the word "breach" appears in the HDG Complaint is in Defendants' counterclaim against the Funds for allegedly "breach[ing] the FMA by terminating the HDG Entities as Fund Manager" without paying termination fees.  HDG Compl. ¶ 56.  Although the HDG Complaint refers to the Funds having to "forgo new investments," which led to "fewer fees [to the HDG Entities] as a result," there is—conspicuously—no allegation that this constituted a breach of the FMA by the Funds.

"[I]t is axiomatic that there must be a breach" of a contract "[i]n order for [a] plaintiff to have a cause of action for tortious interference of contract."  *Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 468 (S.D.N.Y. 1996) (dismissing tortious interference claim for failure to allege an underlying breach).  "In order to state a claim" for tortious interference with contract, Defendants thus were "required to identify a specific contractual term that was breached." *Millar v. Ojima*, 354 F. Supp. 2d 220, 230 (E.D.N.Y. 2005) (citation omitted).  Having failed to do so—except with respect to the termination fees that are "not at issue" in the claim against HSBC (Opp. Br. at 8)—Defendants' claim "must be dismissed."  *Robins*, 923 F. Supp. at 468; *see also Marino v. Northwestern Mut. Life Ins. Co.*, No 00 Civ. 3212, 2001 WL 262574, at *3 (S.D.N.Y. Mar. 14, 2001) (dismissing tortious interference claim where plaintiffs "failed to allege, as required," that a contract "was breached").

Defendants cannot "cure [this] pleading defect[] by including new allegations in their opposition memorandum." *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 305 (S.D.N.Y. 2008).  It is well-established that claimants are "not entitled to amend [their] complaint through statements made in motion papers." *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (citation omitted).

> **B.     If Defendants Were Able to Allege That the Funds Breached an Obligation to "Mak[e] New Investments in Properties," They Would Have Done So in Their Breach-of-Contract Claim Against the Funds.**

Defendants' separate claim against the Funds—in which they *do not* allege that the Funds breached an obligation to "mak[e] new investments" or seek any resulting damages from the Funds—belies Defendants' contention that they have adequately alleged such a breach in connection with their claim against HSBC.

To be sure, HSBC does not contend (contrary to Defendants' suggestion, Opp. Br. at 8) that Defendants' tortious interference claim required them to assert a separate breach-of-contract claim against the Funds, or even, more specifically, to assert a claim against the Funds for breaching an alleged obligation to "mak[e] new investments."  Defendants, however, *have* brought a breach-of-contract claim against the Funds, and the Court can consider that claim in assessing the plausibility of Defendants' tortious interference claim against HSBC.

In particular, the Court can take note that while the complaint *does* identify provisions in the FMA that supposedly required the payment of termination fees and includes a "break down" of such fees allegedly owed (HDG Compl. ¶¶ 32-39), the complaint *does not* identify any provisions that give rise to an obligation of the Funds "to invest in real estate obligations" or any fees allegedly owed due to a breach of such an obligation.  It defies common sense to believe that Defendants would have sued the Funds for damages arising out of an alleged breach of the FMA relating to termination fees, but refrained from asserting a claim against the Funds for a

3

separate breach of their alleged obligation to "mak[e] new investments." *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (in assessing the plausibility of a claimant's allegations, the court can "draw on its judicial experience and common sense").

Indeed, according to Defendants' own allegations, with the exception of the termination fees, Defendants have already "paid themselves, pursuant to the terms of the FMA, for *all fees and expenses incurred while managing the Funds*." HDG Compl. ¶ 20 (emphasis added); *see also* Garrison Decl. ¶ 16 (filed Jan. 29, 2013) [Dkt. No. 7] ("[T]he HDG Entities were authorized to withdraw funds to pay themselves" and "did so repeatedly throughout the life of the FMA"). Thus, not only have Defendants failed to allege that the Funds breached a supposed obligation to enter into more fee-generating transactions, they have admitted that, aside from the alleged termination fees, the Funds do not owe them any additional fees at all.

### C. The Funds Were Not Obligated Under the FMA to "Mak[e] New Investments in Properties" or Otherwise to Enter Into Fee-Generating Transactions.

There is a simple explanation for why Defendants' complaint does not identify a single provision in the FMA obligating the Funds to "mak[e] new investments in properties" or otherwise to enter into a certain number of fee-generating transactions: no such provision exists.

The FMA is a services agreement, in which Defendants agreed to provide various fund management services to the Funds, and the Funds, in turn, agreed to compensate Defendants for the services they provided. *See, e.g.*. FMA ¶ 2.1 (HDG Entities "hereby accept[] such appointment, to act as the manager of the [Funds] during the Term, and in connection therewith to furnish the services provided hereunder").[2] Defendants do not—and cannot—cite any provision in the FMA that obligated the Funds to enter into a minimum number of fee-generating

---

[2] In assessing the sufficiency of the allegations in a complaint, the Court can consider documents referenced or incorporated in the complaint, such as the FMA. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

4

transactions or to pay a minimum amount of fees to the HDG Entities.  If Defendants were displeased that they "received fewer fees as a result of the limited number of transactions made by the Funds," HDG Compl. ¶ 53, they were free to terminate the FMA "for any reason."  FMA ¶ 6.3.  They do not, however, have a cause of action against HSBC.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in HSBC's opening brief, HSBC respectfully requests that the HDG Complaint against HSBC be dismissed in its entirety.


Dated: New York, New York
       April 8, 2013

WILMER CUTLER PICKERING
   HALE AND DORR LLP

By:  _/s/ Charles C. Platt_____
     Charles C. Platt
     Jeremy S. Winer
     7 World Trade Center
     250 Greenwich Street
     New York, New York 10007
     Tel: (212) 230-8800
     Fax: (212) 230-8888

*Attorneys for Third-Party Defendant HSBC Securities (USA) Inc.*