



WILMERHALE

August 8, 2013

Charles C. Platt

+1 212 230 8860 (t)
+1 212 230 8888 (f)
charles.platt@wilmerhale.com

Hon. Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED**

Re: GPIF-I Equity Co., Ltd., et al. v. HDG Mansur Investment Services, Inc., et al., Case No. 13 Civ. 547 (CM)

Dear Judge McMahon:

This firm represents plaintiffs GPIF-I Equity Co., Ltd. and GPIF-I Finance Co., Ltd. ("plaintiffs" or the "Funds"). We have reviewed your decision granting plaintiffs partial summary judgment, and respectfully request a conference before the Court in the next two weeks. The purpose of the conference would be:

(1) for plaintiffs to present the reasons why a partial summary judgment should be entered now, without any further delay, to protect the rights of the investors in the Funds; and

(2) to address a fundamental dispute that has arisen on the scope of permissible discovery in this case since the HDG Mansur defendants have been found to be in material breach of the Fund Management Agreements.

Handwritten endorsement: *Telephone Conference scheduled for Wednesday, 8/14/13 @ 9:45 am. Plaintiff to initiate call to chambers with all parties on the phone. 8/12/13* [signed] McMahon

<u>Entering The Partial Summary Judgment</u>

Now that the defendants have been adjudged in this case to be liable as a matter of law to plaintiffs for misappropriating $5,818,682 of the investors' money, the Funds have an obligation to protect their investors' rights to that money, and to take every step possible to reduce any risk that the defendants may dissipate those assets before that recovery occurs. Entering the partial summary judgment now will help reduce that risk.

This risk of dissipation of assets is significant. As Your Honor will recall from our preliminary injunction motion filed in January of this year, there is considerable evidence that defendants HDG Mansur Investment Services, Inc. and HDG Advisory Services, Inc. are in severe financial distress, and may not be able to satisfy any judgment in this case that is delayed. (See the declarations of the Funds' director attached as Exhibit A.) Two lawsuits have been filed against defendants in Delaware and Indiana that compound that distress and risk (copies of those pleadings are also attached as Exhibit B). Further litigation in this matter will cause an additional drain on the defendants' resources.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Hon. Colleen McMahon
August 8, 2013
Page 2

While it is true that defendants have asserted a counterclaim in this case, that claim is based largely on the premise that defendants could not have been terminated for cause. Now that defendants have been found as a matter of law to have taken millions of dollars of the Funds' money, in material breach of their agreements, that premise no longer has any merit. Moreover, even if the counterclaim had any substance, the Funds have the assets to satisfy such a claim, and thus any resolution of that claim can proceed on the schedule proposed in Your Honor's recent decision without any prejudice to defendants.

Resolving The Fundamental Scope of Discovery On The Remaining Claims

Based on communications between counsel, there is a dispute regarding the scope of discovery on defendants' counterclaims for termination payments. We believe that addressing this issue with the Court at a conference now will help the parties define the appropriate scope and meet the discovery deadlines imposed. This is not just a discovery dispute—it goes to the substance of the parties' claims because there are fee-shifting provisions in the Fund Management Agreements that would require the HDG defendants to pay for all the costs of discovery if the Funds prevail. Since the defendants are in severe financial distress, there is a significant risk that they will be unable to pay for the costs of the significant discovery that they want to impose. Unless the defendants are willing to provide some security for these significant costs, it would be fundamentally unfair for them to benefit from the fee-shifting provision, but not be subject to the corresponding obligations of that provision, because of their dire financial condition."

We are prepared to appear before the Court any day over the next two weeks to present these arguments, and the facts supporting these arguments, in greater detail. Thank you for your consideration.

Respectfully,

Charles C. Platt

cc: Francis J. Earley, Esq.
    Counsel for defendants

ActiveUS 114176974v.1