UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GPIF-I EQUITY CO., LTD. and
GPIF-I FINANCE CO., LTD.,

                     Plaintiffs,

-against-

HDG MANSUR INVESTMENT SERVICES, INC.,
HDGM ADVISORY SERVICES, LLC, and
HAROLD D. GARRISON

                     Defendants.
------------------------------------------------------------X

Case No. 13-00547 (CM)

[USDC SDNY DOCUMENT ELECTRONICALLY FILED stamp, dated 9/12/13]

## STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION OF CONFIDENTIAL MATERIALS

WHEREAS, in connection with the above-captioned litigation (the "Litigation"), certain parties have requested or may in the future request production of documents and other information and may notice and take depositions, which may require the disclosure of material that is confidential, proprietary and/or non-public; and

WHEREFORE, for the purpose of facilitating discovery requests and in order to avoid the risk of harm posed by the public dissemination of such confidential and/or proprietary information, GPIF-I Equity Co., Ltd. and GPIF Finance Co., Ltd. (the "Funds"), HDG Mansur Investment Services, Inc. and HDGM Advisory Services, LLC (the "HDG Entities") and Harold D. Garrison (each, a "Party" and collectively, the "Parties") hereby stipulate and agree, by and through their undersigned counsel of record ("Undersigned Counsel"), to this Stipulation and Protective Order Governing the Production of Confidential Materials (this "Protective Order"):

IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT:

1

1. The parties hereby adopt and incorporate by reference Section IV(I) of the Individual Practices and Procedures of Honorable Colleen McMahon, a copy of which is attached hereto as Exhibit B.

2. This Protective Order shall govern the designation and handling of all documents (including all "documents" as defined in Local Civil Rule 23.3)[1], deposition testimony, electronic data, interrogatory responses, responses to requests for admissions, expert reports and any other information disclosed or produced by or on behalf of a Party (or any of its attorneys or agents), or by or on behalf of a non-Party (or any of its attorneys or other agents), oral or written, including all copies, excerpts and summaries thereof and all information derived therefrom in the Litigation (the "Discovery Materials"). Discovery Materials shall be handled in accordance with this Protective Order, and shall be used only for purposes related to the Litigation and not for any commercial, business, competitive or other purpose.

3. "Person" or "Persons" means any natural person, group of natural persons acting as individuals, group of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), domestic or foreign company, corporation, partnership, joint venture, sole proprietorship, association, business trust, government or government agency or any other incorporated or unincorporated business, government or legal entity.

3. Any person who is subject to informal or formal information and/or discovery requests in the Litigation may designate (each, a "Designating Party") Discovery Materials as "Confidential" pursuant to this Protective Order by labeling the Material "CONFIDENTIAL" in a size and location that makes such designation readily apparent on each page of the Material. Designation of Discovery Materials as "Confidential" shall be: (a) based on a good faith belief by the Designating Party that such materials are, reflect, or reveal a trade secret or other proprietary, financial, sensitive or business

---

[1] Except insofar as words or terms are specifically defined herein, the definitions of terms provided for in Local Civil Rule 23.3 shall apply to this Protective Order.

2

research, development or other confidential information entitled to protection under the Federal Rules of Civil Procedure or any other applicable law, rule or regulation, (b) information subject by law or by contract to a legally protected right of privacy, (c) information that the Designating Party is legally obligated to keep confidential, as reasonably determined by the person producing the material, or (d) non-public information of a financially sensitive nature ("Confidential Material").

4. Confidential Material provided or designated by the Parties or their professionals shall be held in strict confidence. Unless required by law or Court order, or unless agreed otherwise with the Designating Party, such Confidential Material shall not be given, shown, made available or communicated in any way to anyone other than (i) counsel of record for the Parties, and attorneys, clerical, paralegal and other staff employed by such counsel, by the Parties, or by advisers to the Parties, including any outside vendor providing litigation support or photocopying services, (ii) any expert or consultant retained by or on behalf of a Party in connection with the Litigation, (iii) directors, officers, employees and members, as applicable, of the Parties, but only such directors, officers, employees and members who may be necessary to assist in connection with the Litigation, (iv) witnesses in connection with any deposition taken in the Litigation (and counsel for such witness), (v) court reporters and their employees, and (vi) the Court and Court personnel (subject to the provisions of Paragraph 8 below). Persons listed in clauses (ii) and (iv) may be given access to Confidential Material (including Highly Confidential Material, as defined below) only after being provided a copy of this Protective Order and executing a Certificate in the form attached as Exhibit A hereto. Counsel for the Party disclosing Confidential Material to persons under clauses (ii) and (iv) shall be responsible for holding such executed Certificates.

5. Certain Confidential Material ("Highly Confidential Material") may be designated "Highly Confidential, For Professional Eyes Only" if a Party in good faith believes such Confidential Material is so current and commercially sensitive that protections beyond those afforded by Paragraph 4

are necessary. A Designating Party may designate Discovery Materials as "Highly Confidential, For Professional Eyes Only" pursuant to this Protective Order by labeling the Materials "HIGHLY CONFIDENTIAL, FOR PROFESSIONAL EYES ONLY" in a size and location that makes such designation readily apparent on each page of the Material. No persons listed in Paragraph 4(iii) shall be given access to Highly Confidential Material unless (i) the Material was produced by the current employer of the person; (ii) the person created, sent or received such Material prior to the commencement of the Litigation; (iii) each person or party that designated the documents or materials as Highly Confidential Material consents to such access; or (iv) the Court orders such access.

6. Failure to designate Confidential Material as "Confidential" or "Highly Confidential, For Professional Eyes Only" at the time of production may be remedied by supplemental written notice and, upon receiving such written notice, the receiving Party shall thereafter treat the designated materials in accordance with the terms of this Protective Order. The designation of a document or information as Confidential Material or Highly Confidential Material is without prejudice to the right of any receiving Party to challenge such designation as provided in Paragraph 12 of this Protective Order.

7. Information or testimony disclosed at a deposition may be designated as Confidential Material or Highly Confidential Material by the person providing such testimony, or his or her counsel, or by any Party, if such person, counsel or Party (i) identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material or Highly Confidential Material, or (ii) within ten (10) business days after the receipt of the final version of the transcript from the deposition, provides written notification to all Parties and the court reporter of those pages and lines of the transcript that are designated as Confidential Material or Highly Confidential Material. Each page of deposition transcript designated in whole or in part as Confidential Material shall be marked as "Confidential" and each page of deposition transcript designated in whole or in part as Highly Confidential Material shall be marked as "Highly Confidential, For Professional Eyes Only" by the court

reporter or counsel. At the request of the producing or Designating Party, any person(s) not permitted access to Confidential Material or Highly Confidential Material under the terms of this Protective Order shall be excluded from any portion of any deposition or examination at which such Confidential Material or Highly Confidential Material is used. The court reporter transcribing the testimony at such deposition shall not be so excluded.

8. All documents, including pleadings, motions and other papers, containing, identifying, or referencing Confidential Material or Highly Confidential Material filed with the Court shall be filed under seal. The Parties shall file a redacted public copy of any such pleadings, motions and/or other papers, redacting only that information that has been designated "Confidential" or "Highly Confidential, For Professional Eyes Only."

9. If any Party reasonably believes it may use any Confidential Material or Highly Confidential Material at any hearings in connection with the Litigation, that Party agrees to provide, where practicable, at least five (5) business days' notice of such intention to the Designating Party so that the Designating Party can take all steps necessary to protect the confidentiality of such material. The Party intending to use Confidential Material or Highly Confidential Material in connection with such hearings further agrees to meet and confer in good faith with the Designating Party about appropriate steps that may be taken to protect the confidentiality of such material, including clearing the Courtroom and/or agreeing to redact such Confidential Material or Highly Confidential Material.

10. In the event that a Designating Party moves the Court for any protections regarding the use of Confidential Material or Highly Confidential Material at any hearing in connection with the Litigation, the Party wishing to use such Confidential Material or Highly Confidential Material shall not use the Confidential Material or Highly Confidential Material in question unless and until the Court enters an Order permitting such use or as otherwise agreed by the Parties. The Party wishing to use such Confidential Material or Highly Confidential Material may orally move the Court at any hearing or at

trial such an Order, or for any other leave to use or reveal such Confidential Material or Highly Confidential Material.

11. The Parties agree that production of Material that is an attorney-client privileged communication, or work product as defined under the Federal Rules of Civil Procedure or any other applicable law, or otherwise privileged or immune or protected from disclosure, shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine or other applicable privilege or protection. In the event that any Material is produced that the producing Party later claims is protected by a privilege or immunity, the receiving Party shall promptly return or destroy, and confirm in writing the return or destruction of, all copies of same to the producing Party within five (5) business days of written notice. Within five (5) business days of such documents being returned, the Designating Party shall provide to all other Parties a privilege log relating to the documents so returned.

12. No Party shall be obligated to challenge the propriety of a confidentiality designation within any particular timeframe following production, and failure to do so shall not preclude a subsequent challenge to such designation. If any Party objects to the designation or treatment of any Confidential Material or Highly Confidential Material, the Party shall so state by letter to counsel for the Designating Party. The non-producing Party and counsel for the Designating Party shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of the Confidential Material or Highly Confidential Material. In the event that the Parties are unable to resolve any dispute concerning the treatment of the Confidential Material or Highly Confidential Material, the non-producing Party may file an application with the Court, in camera, challenging the designation of Confidential Material or Highly Confidential Material. The Designating Party shall have, where practicable, five (5) business days to either remove the designation or oppose the non-producing Party's application. Pending determination of such application, the challenged Confidential Material or Highly Confidential Material shall continue to be treated in accordance with its original designation.

13. In the event that a non-producing Party is requested or required by any person or entity (by law, oral questions, government action, interrogatories, requests for information or documents, subpoena, civil investigation demand or similar process) to provide or produce Confidential Material or Highly Confidential Material, the non-producing Party shall, unless prohibited from doing so by applicable law, give the Designating Party and its counsel prompt written notice as soon as practicable under the circumstances and before any Confidential Material or Highly Confidential Material is produced so that the Designating Party has an opportunity to object to production.

14. Except as provided otherwise by any subsequent order of the Court, within thirty (30) days following entry of an order finally resolving or otherwise finally disposing of the Litigation, including all post-judgment proceedings and appeals, all Confidential Material and Highly Confidential Material provided by the Parties in connection with the Litigation, including all copies, summaries and excerpts thereof, shall be returned to the producing Party or destroyed, provided, however, that no Party shall be required to return or destroy any Discovery Materials that are filed in this Litigation, or are incorporated into attorney work product or attorney-client privileged communications. If the Confidential Material or Highly Confidential Material required by this paragraph to be returned or destroyed is destroyed, counsel for the non-producing Party shall, within seven (7) business days following such destruction, certify in writing to the producing Party and Designating Party that such Confidential Material and Highly Confidential Material within its possession or control has been destroyed.

15. This Protective Order shall not apply to any document, testimony or other information that (i) is already in a non-producing Party's possession at the time it is produced and is not subject to or governed by any other confidentiality agreement or restrictions, (ii) becomes generally available to the public other than as a result of disclosure in violation of this Protective Order or in breach of other legal obligation, or (iii) becomes available to a non-producing Party through voluntary or required production

from a person or Party who obtained the document, testimony or other information without any confidentiality restriction.

16. Each Party acknowledges that it is aware that the use of Confidential Material or Highly Confidential Material produced in connection with the Litigation for any purpose inconsistent with the terms of this Protective Order will violate this Protective Order. This Protective Order is not to be construed as an agreement or representation that any such documents, including Confidential Material or Highly Confidential Material, are relevant to any claim or defense in the Litigation or any subsequent action or proceeding that may be commenced, nor that such Confidential Material or Highly Confidential Material should properly be produced or admitted into evidence in any of these proceedings.

17. Notwithstanding any provision contained herein, nothing in this Protective Order shall restrict in any way the right of any Party to make use of its own Confidential Material or Highly Confidential Material in any way it deems fit, or modify the terms of any other agreements, stipulations, laws or orders governing the treatment of confidential documents by any Party.

18. This Protective Order shall be deemed effective as to each Party, its attorneys, agents and representatives, upon execution by all Parties. When effective, this Protective Order applies to any Confidential Material or Highly Confidential Material provided prior to its execution.

19. This Protective Order shall remain binding after the conclusion of the Litigation.

20. This Protective Order shall be without prejudice to and does not impair the ability or rights of either Party to seek further limits on disclosure or protections for the confidentiality of any Confidential Material or Highly Confidential Material in addition to the limits and protections provided herein. Accordingly, the Parties reserve the right to seek further modification of this Protective Order from the Court.

21. The terms and limitations of this Protective Order shall not be modified or deviated from except upon written stipulation by counsel for the Parties, or by Order of this Court.

22. This Protective Order shall be governed and construed in accordance with the laws of the State of New York.

23. This Protective Order may be executed in any number of counterparts and shall constitute one agreement binding upon all parties thereto as if all parties signed the same document. Facsimile signatures shall be treated as originals for all purposes.

24. Non-parties to this Litigation who produce Discovery Materials in connection with this Litigation are intended third-party beneficiaries of this Protective Order and are entitled to rely on the protections provided herein as though they were Designating Parties hereunder.

**STIPULATED AND AGREED:**

Dated: New York, New York
September / 2, 2013

WILMER CUTLER PICKERING HALE &
DORR LLP

By: *[signature: Charles C. Platt]*
Charles C. Platt
Stephanie D. Shuler
Jeremy S. Winer
Fiona J. Kaye
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
*Attorneys for Plaintiffs/Counterclaim Defendants*

MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO, P.C.

By: *[signature: Francis J. Earley]*
Francis J. Earley
John S. McMahon III
666 Third Avenue
New York, New York 10017
Telephone: (212) 935-3000
*Attorneys for Defendants/Counterclaim Plaintiffs*

*[handwritten: So Ordered, [signature] USDJ 9/12/13]*

9

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GPIF-I EQUITY CO., LTD. and                          :
GPIF-I FINANCE CO., LTD.,                            :     Case No. 13-00547 (CM)
                                                     :
                             Plaintiffs,             :
                                                     :
       -against-                                     :
                                                     :
HDG MANSUR INVESTMENT SERVICES, INC.,                :
HDGM ADVISORY SERVICES, LLC, and                     :
HAROLD D. GARRISON                                   :
                                                     :
                             Defendants.             :
                                                     :
------------------------------------------------------------X

**<u>CERTIFICATION</u>**

     I certify that I have received and read a copy of the Protective Order in connection with the above-captioned litigation (the "<u>Litigation</u>"). I agree to be bound by it, and I understand that I may be subject to contempt proceedings in the United States District Court for the Southern District of New York if I violate it. I further understand that information designated as "Confidential" or "Highly Confidential, For Professional Eyes Only" in the Litigation, and any notes, memoranda, or other forms of information derived from it, may not be used, copied, or disclosed by me to anyone else except in strict accordance with the Protective Order and then only for use in connection with the Litigation.

Dated: _____                          _____
                                          Name:

**EXHIBIT B**

**ADDENDUM**

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.