UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GPIF-I EQUITY CO., LTD. and              :
GPIF-I FINANCE CO., LTD.,                :
                                         :
      Plaintiffs-Counterclaim Defendants, :
v.                                       :   Case No. 13 Civ 547 (CM)
                                         :
HDG MANSUR INVESTMENT SERVICES, INC.,    :
HDGM ADVISORY SERVICES, LLC, and         :
HAROLD D. GARRISON                       :
                                         :
      Defendants-Counterclaim Plaintiffs.  :
------------------------------------------------------------------ x
HDG MANSUR INVESTMENT SERVICES, INC.,    :
and HDGM ADVISORY SERVICES, LLC,         :
                                         :
      Third-Party Plaintiffs,              :
                                         :
v.                                       :
                                         :
HSBC SECURITIES (USA) INC.               :
                                         :
      Third-Party Defendant.               :
------------------------------------------------------------------ x

**PLAINTIFFS GPIF-I EQUITY CO., LTD.'S AND
GPIF-I FINANCE CO., LTD.'S MEMORANDUM OF LAW IN SUPPORT OF
<u>SUMMARY JUDGMENT ON DEFENDANTS' COUNTERCLAIMS</u>**

              WILMER CUTLER PICKERING
               HALE AND DORR LLP
              Charles C. Platt
              Jeremy S. Winer
              Stephanie Shuler
              Fiona J. Kaye
              7 World Trade Center
              250 Greenwich Street
              New York, New York 10007

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................... 1
STATEMENT OF UNDISPUTED FACTS .............................................................................. 1
ARGUMENT .............................................................................................................................. 3
CONCLUSION .......................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Carco Group, Inc. v. Maconachy*,
  644 F. Supp. 2d 218 (E.D.N.Y. 2009), *aff'd in part, vacated in part,* 383 Fed. App'x
  73 (2d Cir. 2010) ......................................................................................................................5

*GPIF-I Equity Co. v. HDG Mansur Investment Services, Inc.*,
  No. 13 Civ. 547, 2013 WL 3989041 (S.D.N.Y. Aug. 1, 2013) ......................................1, 2, 3, 4

*Legend Artists Managament, Inc. v. Blackmore*,
  273 A.D.2d 91 (N.Y. App. Div. 1st Dep't 2000) ...............................................................1, 3, 4

*Merrill Lynch, & Co. v. Allegheny Energy, Inc.*,
  500 F.3d 171 (2d Cir. 2007) ..............................................................................................1, 3, 4

*Riviera Finance of Texas, Inc. v. Capgemini US, LLC*,
  511 Fed. App'x 92 (2d Cir. 2013) ...........................................................................................3

*Tyco International, Ltd. v. Kozlowski*,
  756 F. Supp. 2d 553 (S.D.N.Y. 2010) ..................................................................................1, 5

**OTHER AUTHORITIES**

Restatement (Third) of Agency § 8.01 ......................................................................................1, 5

Plaintiffs GPIF-I Equity Co., Ltd. and GPIF-I Finance Co., Ltd. (collectively, "Plaintiffs" or the "Funds"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the two counterclaims of HDG Mansur Investment Services, Inc. and HDGM Advisory Services, LLC (collectively, "Defendants" or "HDG").

## PRELIMINARY STATEMENT

The Funds are entitled to summary judgment on Defendants' counterclaims seeking a termination fee of more than $20 million under the parties' Fund Management Agreements (the "Agreements").  The Court has already held that Defendants materially breached the Agreements by "wrongfully tak[ing]" more than $5.8 million from the Funds.  *See GPIF-I Equity Co., Ltd. v. HDG Mansur Inv. Servs., Inc.,* No. 13 Civ. 547, 2013 WL 3989041, at *4 (S.D.N.Y. Aug. 1, 2013).  It is well-settled—as a matter of both contract and agency law that are applicable here— that Defendants' material breach excuses the Funds' further performance under the Agreements, so the Funds have no obligation to make termination payments to Defendants.  *See Merrill Lynch, & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007); *Legend Artists Mgmt., Inc. v. Blackmore*, 273 A.D.2d 91, 92 (N.Y. App. Div. 1st Dep't 2000); Restatement (Third) of Agency § 8.01(d)(1) & (d)(2); *Tyco Int'l, Ltd. v. Kozlowski*, 756 F. Supp. 2d 553, 564 (S.D.N.Y. 2010).  Summary judgment is particularly warranted here to protect the Funds and their investors from the burden and expense of conducting discovery and trial on counterclaims that fail as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

The Funds are real estate investment funds that invest in a diversified portfolio of real estate properties.  Defendants acted as the Funds' manager, adviser, and agent pursuant to the Agreements.  Pls. St. ¶¶ 1, 6, 7.

On December 27, 2012, the Funds terminated these Agreements after discovering that Defendants had misappropriated $5,818,682 from the Funds' assets. Pls. St. ¶ 8.

On January 24, 2013, the Funds brought this action to recover the more than $5.8 million that Defendants had misappropriated. Pls. St. ¶ 9. The Funds alleged, among other things, that Defendants had materially breached the Agreements by taking Fund assets to which they were not entitled, and had further materially breached the Agreements by refusing to return those assets when the Funds demanded they do so. *Id*.

On February 5, 2013, the Funds moved for partial summary judgment on their breach of contract claim. Pls. St. ¶ 10. They argued that Defendants had no contractual right to take the misappropriated money based on the plain language of the Agreements governing fees for management of the Funds, and that Defendants' alleged justification for taking the money relied on a misinterpretation of those fee provisions. *Id*.

On February 15, 2013, Defendants filed an answer and counterclaims. Pls. St. ¶ 11. The counterclaims alleged that Defendants had fully performed all the services required by the Agreements, and that Defendants were entitled to termination fees under sections 6.2 and 6.4 of the Agreements. *Id*. Based on these allegations, Defendants asserted claims for relief for breach of contract and for an accounting of the termination fees purportedly owed to them under the Agreements. *Id*.

On August 1, 2013, the Court granted the Funds' motion for partial summary judgment on their breach of contract claim. Pls. St. ¶ 12. In its decision, the Court ruled that Defendants were "in material breach of the [Fund Management Agreements] by taking money to which they were not entitled…." based on unambiguous language in the Agreements. *GPIF-I Equity Co.*, 2013 WL 3989041, at *11. As a result, the Court determined that plaintiffs are entitled to

damages of $5,818,682 representing the misappropriated funds, plus pre-judgment and post-judgment interest. *Id.*

On August 14, 2013, Defendants served document requests and interrogatories on the Funds. Pls. St. ¶ 13. Defendants have identified 23 persons with information that they may use in support of their claims, portending extensive document and deposition discovery. Defendants also have advised that they will retain a "damages" expert and perhaps one or two more experts on the termination issues. *Id.*

## ARGUMENT

Defendants' counterclaims for breach of the Agreements and for an accounting based on the termination fees purportedly owed to them under the Agreements fail as a matter of law. It is well-established that "a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach." *Merrill Lynch, & Co. Inc.*, 500 F.3d at 186; *see also, e.g.*, *Riviera Fin. of Tex., Inc. v. Capgemini US, LLC*, 511 Fed. App'x 92, 94-95 (2d Cir. 2013) (finding material breach as a matter of law and concluding that the breach "excused [the non-breaching party] from performing under the [parties'] Agreement"); *Blackmore*, 273 A.D.2d at 92 (defendant was entitled "to avoid payment of any future commissions, on the ground of plaintiff's material breach").

In *Merrill Lynch*, a dispute arose regarding Merrill's sale of an energy commodities trading business to Allegheny. As part of the transaction, Merrill had the right to a "put" in a specified amount if certain conditions were not fulfilled. When the conditions were not fulfilled and Allegheny refused to honor the put, Merrill sued Allegheny for breach of contract. Allegheny counterclaimed for fraudulent inducement and breach of contract. After the district

court granted summary judgment for Merrill, the Second Circuit reversed, holding that if Merrill had materially breached the contract, such a breach would excuse Allegheny's non-performance under the put provision. *See Merrill Lynch*, 500 F.3d at 187. The Second Circuit summarized the legal principle: "[A] party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach." *Id*. at 186; *see also id*. at 187 (noting that if Allegheny's allegations of material breach were true, then its agreement with Merrill "turned out to be substantially different from what the parties had bargained for," and thus Allegheny's non-performance would be excused).

Similarly, in *Blackmore*, the plaintiff management firm had sued its former recording-artist client for breach of contract, alleging that the firm was entitled to commissions due under the parties' management agreement. 273 A.D.2d at 92. The court concluded, however, that because the management firm had wrongfully taken commissions to which it was not entitled, it had materially breached the parties' agreement. That breach entitled the client not only to terminate the agreement but also "to avoid payment of any future commissions, on the ground of plaintiff's material breach." *Id*.

Here, the Court has already concluded that Defendants were "in material breach of the [Fund Management Agreements] by taking money to which they were not entitled…." *GPIF-I Equity Co.*, 2013 WL 3989041 at *11. As a result, the Funds' performance under the Agreements is excused, and they have no further obligation to make any termination payments under those contracts. Defendants cannot blatantly disregard the performance required of them under the terms of Agreements and at the same time expect full performance of those terms by the Funds. *See Merrill Lynch*, 500 F.3d at 187; *Blackmore*, 273 A.D.2d at 92.

The principle that one party's material breach excuses the other party's performance is also recognized under agency law.  It is a breach of fiduciary duty for an agent to take money from its principal to which it is not entitled.  *See Carco Grp., Inc. v. Maconachy*, 644 F. Supp. 2d 218, 244 (E.D.N.Y. 2009) (it is a "fundamental principle of agency law" that blatant self-dealing is a violation of one's fiduciary duty), *aff'd in part, vacated in part,* 383 Fed. App'x 73 (2d Cir. 2010).  The agent's breach of fiduciary obligation allows the principal to terminate its relationship with the agent in advance of the time set for termination in any contract between them and to withhold compensation payable during the period of the agent's disloyalty.  *See* Restatement (Third) of Agency § 8.01(d)(1) & (d)(2); *see also Tyco Int'l, Ltd. v. Kozlowski*, 756 F. Supp. 2d 553, 564 (S.D.N.Y. 2010) (dismissing certain of defendant's counterclaims due to defendant's "many breaches of fiduciary duty" because plaintiff had no duty to honor compensation agreements made during defendant's period of disloyalty under the so-called "faithless servant" doctrine).

Here, the Defendants, as the Funds' agent under the Agreements, are seeking compensation through their counterclaims for termination payments allegedly earned during their period of disloyalty.  *See* Restatement (Third) of Agency § 8.01(d)(1) & (d)(2); *Tyco Int'l,* 756 F. Supp. 2d at 564.  Defendants' breach of their duties to the Funds precludes that compensation as a matter of law.  *See id*.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant summary judgment on Defendants' counterclaims.

**Dated:** September 16, 2013
New York, New York

   /s/ Charles C. Platt

Charles C. Platt (NY Bar No. 1678325)
Jeremy S. Winer
Stephanie Shuler
Fiona J. Kaye
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel:  (212) 230-8800
Fax: (212) 230-8888

*Counsel for GPIF-I Equity Co., Ltd. And GPIF-I Finance Co., Ltd.*