UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GPIF-I EQUITY CO., LTD. and                          :
GPIF-I FINANCE CO., LTD.,                            :
                                                     :
       Plaintiffs-Counterclaim Defendants,   :
v.                                                   :   Case No. 13 Civ 547 (CM)
                                                     :
HDG MANSUR INVESTMENT SERVICES, INC.,                :
HDGM ADVISORY SERVICES, LLC, and                     :
HAROLD D. GARRISON                                   :
                                                     :
       Defendants-Counterclaim Plaintiffs.   :
------------------------------------------------------------------ x
HDG MANSUR INVESTMENT SERVICES, INC.,                :
and HDGM ADVISORY SERVICES, LLC,                     :
                                                     :
       Third-Party Plaintiffs,               :
                                                     :
v.                                                   :
                                                     :
HSBC SECURITIES (USA) INC.                           :
                                                     :
       Third-Party Defendant.                :
------------------------------------------------------------------ x

### GPIF-I EQUITY CO., LTD.'S AND
### GPIF-I FINANCE CO., LTD.'S RULE 56.1 STATEMENT OF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' COUNTERCLAIMS

                                        WILMER CUTLER PICKERING
                                         HALE AND DORR LLP
                                        Charles C. Platt
                                        Jeremy S. Winer
                                        Stephanie Shuler
                                        Fiona J. Kaye
                                        7 World Trade Center
                                        250 Greenwich Street
                                        New York, New York 10007

Pursuant to Rule 56.1 of this Court's Local and Civil Rules, Plaintiffs GPIF-I Equity Co., Ltd. ("Equity Co.") and GPIF Finance Co., Ltd. ("Finance Co." and, together with Equity Co., the "Funds") respectfully submit the following statement of material facts as to which there is no genuine issue to be tried.

## STATEMENT OF MATERIAL FACTS

1. Plaintiffs Equity Co. and Finance Co. are real estate investment funds that invest in a diversified portfolio of real estate properties.

2. Defendant HDG Mansur Investment Services, Inc. ("HDG Investment") is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Indiana.

3. Defendant HDGM Advisory Services, LLC ("HDG Advisory and, together with HDG Investment, the "HDG Entities") is a limited liability company organized and existing under the laws of the State of Indiana with its principal place of business in Indiana. HDG Advisory is registered with the U.S. Securities and Exchange Commission as an investment adviser.

4. Harold D. Garrison is the Chairman and CEO of the HDG Entities.

**The HDG Entities Acted as Fund Manager to the Funds.**

5. Around September 2002, HDG Investment entered into a Fund Management Agreement with Equity Co. *See* Declaration of Deborah Hazell in Support of Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaims ("Fifth Hazell Decl.") ¶ 2 & Exs. A, C. Around September 2002, HDG Investment entered into a substantially identical Fund Management Agreements with Finance Co. *See id.* ¶ 2 & Exs. B, C. The Fund Management Agreements are referred to herein collectively as the "Agreements." The Agreements are

identical in relevant respects, so citations herein will be only to the Equity Agreement found at Exhibit A to the Fifth Hazell Declaration and the definitions thereto (Exhibit C).

6. The Agreements provided that HDG Investment would act as Fund Manager, agent, and fiduciary to the Funds, and HDG Investment acted in that capacity until on or around March 30, 2012. Fifth Hazell Decl. ¶ 3 & Ex. A § 2.4.

7. On or around March 30, 2012, HDG Investment assigned all of its rights, duties and obligations under the Agreements to HDGM Advisor. On or after that date, HDGM Advisory acted as Fund Manager, agent, and fiduciary to the Funds. Fifth Hazell Decl. ¶ 3 & Ex. D.

**The Funds Terminated the HDG Entities as Fund Manager and Sued Them for, *Inter Alia*, Breach of Contract, Breach of Fiduciary Duty and Fraud.**

8. On December 27, 2012, the Funds' boards resolved to terminate the Agreements, effective as of January 2, 2013, after concluding that Defendants had paid themselves, from the Funds' assets, at least $5,818,682 to which they were not entitled and without proper presentation to and authorization of the boards. Fifth Hazell Decl. ¶ 4.

9. On January 24, 2013, the Funds brought this action to recover the more than $5.8 million that Defendants had misappropriated. *See* Dkt. No. 1. The Funds alleged, among other things, that Defendants breached the Agreements by taking Fund assets to which they were not entitled and by refusing to return those assets when the Funds demanded they do so. *See id*.

10. On February 5, 2013, the Funds moved for partial summary judgment on their breach of contract claim. *See* Dkt. No. 18. They argued that Defendants had no contractual right to take the misappropriated money based on the plain language of the Agreements governing

3

fees for management of the Funds, and that Defendants' alleged justification for taking the money relied on a misinterpretation of those fee provisions.  *See* Dkt. No. 19.

11.     On February 15, 2013, Defendants filed an answer and counterclaims.  *See* Dkt. No. 22.  In their counterclaims, Defendants alleged that they had fully performed all the services required by the Agreements and thus were entitled to termination fees under sections 6.2 and 6.4 of the Agreements.  *See id*.  Based on these allegations, Defendants asserted claims for relief for breach of contract and for an accounting of the termination fees purportedly owed to them under the Agreements.  *See id*.

12.     On August 1, 2013, the Court granted the Funds' motion for partial summary judgment on their breach of contract claim.  *See* Dkt. No. 34.  In its decision, the Court ruled that Defendants were "in material breach of the [Fund Management Agreements] by taking money to which they were not entitled…." based on unambiguous language in the Agreements.  *GPIF-I Equity Co.*, 2013 WL 3989041, at *11.  As a result, the Court determined that plaintiffs are entitled to damages of $5,818,682 representing the misappropriated funds, plus pre-judgment and post-judgment interest.  *Id.*

**The HDG Entities Served Discovery Requests on the Funds**

13.     On August 14, 2013, Defendants served document requests and interrogatories on the Funds, and have advised that multiple depositions and experts will be required as well to prepare for trial.

4

Dated: New York, New York
      September 16, 2013

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:   /s/ Charles C. Platt\_\_\_\_\_
    Charles C. Platt
    Jeremy S. Winer
    Stephanie Shuler
    Fiona J. Kaye
  7 World Trade Center
  250 Greenwich Street
  New York, New York 10007
  Tel: (212) 230-8800
  Fax: (212) 230-8888

*Attorneys for Plaintiffs GPIF-I Equity Co., Ltd. and GPIF-I Finance Co., Ltd.*