UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
GPIF-I EQUITY CO., LTD. and
GPIF-I FINANCE C0., LTD.,

        Plaintiffs-Counterclaim Defendants,

v.

HDG MANSUR INVESTMENT SERVICES, INC.,
HDGM ADVISORY SERVICES, LLC, and
HAROLD D. GARRISON

        Defendants-Counterclaim Plaintiffs.
----------------------------------------------------------------- x
HDG MANSUR INVESTMENT SERVICES, INC.,
and HDGM ADVISORY SERVICES, LLC,

        Third-Party Plaintiffs,

v.

HSBC SECURITIES (USA) INC.

        Third-Party Defendant.
----------------------------------------------------------------- x

Case No. 13 Civ 547 (CM)

## DECLARATION OF DEBORAH HAZELL IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' COUNTERCLAIMS

I, Deborah Hazell, hereby declare as follows:

1. I am a member of the boards of directors of Plaintiffs GPIF-I Equity Co, Ltd. ("Equity") and GPIF-I Finance Co., Ltd. ("Finance" and, together with Equity, the "Funds"). I submit this declaration in support of the Funds' motion for summary judgment on defendants' counterclaims.

2. In September 2002, each of the Funds entered into a fund management agreement (together, the "Agreements") with HDG Investment Services, Inc. ("HDG Investment"). True and correct copies of the Agreements and amendments are attached hereto as Exhibit A (GPIF-I

1

Equity) and Exhibit B (GPIF-I Finance). I have also attached as Exhibit C a true and correct copy of the "Schedule X" ("Definitions; Rules of Usage and Interpretation") that is referred to in Section 1.1. of the Agreements.

3.  HDG Investment acted as Fund Manager, agent, and fiduciary for the Funds until on or around March 30, 2012, at which time it assigned all of its rights, duties and obligations under the Agreements to HDGM Advisory Services, LLC ("HDG Advisory" and, together with HDG Investment, the "HDG Entities"). Attached hereto as Exhibit D is the Assignment and Assumption Agreement.

4.  On December 27, 2012, the Funds' boards of directors resolved to terminate the Agreements after concluding that the HDG Entities had paid themselves at least $5,818,682 from the Funds' accounts, without entitlement to the money or notice to or authorization from the Funds' boards.

5.  The Funds are making this motion to protect their investors from further waste and dissipation of their assets. The Defendants' misappropriation of the Funds' money has already caused those investors significant harm. The burden and expense of conducting discovery and trial on Defendants' counterclaims will compound that harm. The Funds have already incurred significant fees responding to the existing discovery requests and anticipate that they would be required to incur significant additional fees and expenses if the counterclaims were to proceed through discovery and trial.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 16, 2013

Deborah Hazell