WILMERHALE

November 29, 2013

**Charles C. Platt**

+1 212 230 8860 (t)
+1 212 230 8888 (f)
charles.platt@wilmerhale.com

**Via ECF**

Hon. Andrew J. Peck
Daniel Patrick Moynihan Courthouse
500 Pearl St
New York, NY 10007-1312

Re:  *GPIF-I Equity Co., Ltd. v. HDG Mansur Inv. Servs., Inc.* (No. 13 Civ. 547)

Dear Judge Peck:

GPIF-I Equity Co., Ltd. and GPIF-I Finance Co., Ltd. (the "Funds") respectfully request a conference on Monday, December 2, 2013, regarding two issues which have arisen in the above-captioned matter:

> (1) whether the Court has limited the amount of time that Defendants may spend asking our 30(b)(6) witness about two topics: the Funds' decisions to have CBRE perform valuations of the Funds' properties and the status of the ING portfolio refinancing; and

> (2) whether Defendants may designate new 30(b)(6) witnesses after we have already deposed their originally-designated witness, Mr. Harold Garrison.

On the first issue, Defendants' 30(b)(6) Notices ask for testimony on the Funds' decisions to have CBRE perform valuations of the Funds' properties and the status of the ING portfolio refinancing.  The Court has already limited the amount of discovery on these issues at conferences in September and October respectively (*see* Sep. 3. 2013 Hearing Transcript at 10:8-11:2 (re: ING); Oct. 2., 2013 Hearing Transcript at 22:17-25:12 (re: CBRE)), and more recently agreed at the November 1, 2013 conference that testimony on these two topics should be limited (*see* Nov. 1, 2013 Hearing Transcript at 21:16-22:13).  As a result, we advised Defendants this past Monday that the Funds would provide at the deposition a maximum of ten minutes of testimony concerning the Funds' decision in 2013 to have CBRE perform valuations of the Funds' properties and re-calculate the Funds' NAV for the fourth quarter of 2012 (citing Nov. 1, 2013 Hearing Transcript at 21:16-22:4 ("Very limited on the 'why' we'll allow.")).  Additionally, we advised that the Funds would provide a maximum of ten minutes of testimony concerning the current status of ING portfolio refinancing, including the details pertaining to the finalized Term Sheet negotiated for the ING refinancing (citing Nov. 1, 2013 Hearing Transcript at 22:10-13 ("So very brief questioning on this issue.")).  Defendants responded Wednesday afternoon, at 1:30p.m., that they "strongly disagree" that the Court has ordered a maximum of ten minutes' testimony on these topics.  Since the deposition will take place on Wednesday, December 4, we will apparently need another ruling from Your Honor on this issue, so that our witness can be prepared.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

November 29, 2013
Page 2


Regarding the second issue, on October 14, 2013, we served 30(b)(6) Notices, containing eight topics, on HDG Mansur Investment Services, Inc. and HDGM Advisory Services, LLC. On October 22, 2013, Defendants stated that Mr. Harold Garrison and Mr. Brian Reeve would cover all eight topics. On October 31, 2013, Defendants informed us that Mr. Garrison would cover five of the eight topics and parts of a sixth topic. Mr. Garrison appeared on November 15, 2013, and was unable to testify substantively on his designated topics. The deposition continued a week later on November 22, 2013. Mr. Garrison was no better prepared the second day. We detailed the deficiencies in Mr. Garrison's testimony in a letter dated November 25, 2013. On Wednesday afternoon, Defendants offered to present Mr. Reeve and Mr. Daniel Cooper at some undetermined time to testify to the issues identified in our letter. Mr. Reeve was already deposed last week.

The discovery deadline is upon us in two weeks. We believe it is way too late to start taking the deposition of an entirely new witness (Mr. Cooper) who has not even been scheduled yet and to take Mr. Reeve's deposition again at considerable cost. We have relied on Defendants' designation of Mr. Garrison, and expect him to fulfill his obligations. Otherwise, we believe the HDG entity defendants should be precluded from giving any testimony on his designated topics.

Respectfully submitted,


s/ Charles C. Platt

Charles C. Platt

cc:   Frances J. Earley (counsel for Defendants)
      Scott A. Rader (counsel for Defendants)
      John S. McMahon III (counsel for Defendants)