UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GPIF-I EQUITY CO., LTD. and                           :
GPIF-I FINANCE CO., LTD.,                              :
                                                      :
        Plaintiffs,                    :
                                                      :
v.                                                    :          **Case No. 13 Civ 547 (CM)**
                                                      :
HDG MANSUR INVESTMENT SERVICES, INC.,                 :
HDGM ADVISORY SERVICES, LLC, and                      :
HAROLD D. GARRISON                                    :
                                                      :
        Defendants.                    :
-------------------------------------------------------------x

### DEFENDANTS HDG MANSUR INVESTMENT SERVICES, INC., HDGM ADVISORY SERVICES, LLC, AND HAROLD D. GARRISON'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1, defendants HDG Mansur Investment Services, Inc., HDGM Advisory Services, LLC (collectively with HDG Mansur Investment Services, Inc., the "HDG Entities"), and Harold D. Garrison (collectively "Defendants") submit the following Statement of Material Facts in support of their motion for summary judgment to dismiss plaintiffs' GPIF-I Equity Co., Ltd. ("Equity Co.") and GPIF-I Finance Co., Ltd. ("Finance Co." and, together with Equity Co., "Plaintiffs" or the "Funds") remaining claims, namely their Investment Advisers Act claim against Defendants, breach of fiduciary duty claim against the HDG Entities, aiding and abetting breach of fiduciary duty claim against Harold D. Garrison, and fraud claim against Defendants:

### STATEMENT OF MATERIAL FACTS

1.      Plaintiffs Equity Co. and Finance Co. are real estate investment funds that invest in a diversified portfolio of real estate properties.

2.      Defendant HDG Mansur Investment Services ("HDG Investment") is a leading international real estate advisory firm, which has developed and managed international properties ranging from single-tenant assets to complex international portfolios. (Jan. 29, 2013 Garrison Decl. ¶ 3.)

3.      Defendant HDGM Advisory Services, LLC ("HDG Advisory") was created in 2012 as a member of the Mansur Group and corporate relative to HDG Investment. (*Id.* at ¶ 6.)

4.      Defendant Harold D. Garrison is the Chairman and Chief Executive Officer of both HDG Investment and HDG Advisory. (*Id.* at ¶ 1.)

**The HDG Entities as Fund Manager to the GPIF Funds**

5.      On or about September 20, 2002, HDG Investment entered into fund management agreements with Plaintiffs.  The Fund Management Agreements (collectively, the "FMA") are identical in all pertinent parts. (Jan. 29, 2013 Garrison Decl. ¶ 5.)

6.      From September 2002 through March 2012, HDG Investment managed the Funds, and over these ten years managed 125 buildings throughout the United States and Europe that totaled greater than 11 million square feet and worth over $2 billion. (Oct. 7, 2013 Garrison Decl. ¶ 13.)

7.      Furthermore, throughout the life of the FMA, the Fund Manager negotiated and executed over 1.5 million feet of leasing, $3 billion of re-financings and $1 billion of dispositions. *Id.*

8.      Because of the nature of the Funds, all of these transactions had to adhere to a strict *Shari'ah*-compliant process. *Id.*

9.      On March 30, 2012, Defendant HDG Advisory was created and all of HDG

Investment's rights and obligations under the FMA were assigned to HDG Advisory. (Jan. 29,

2013 Garrison Decl. ¶ 6.)

**Termination of the HDG Entities as Fund Manager and Subsequent Litigation**

10.      On December 27, 2012, at a telephonic meeting of the Board of Directors, the

Boards held a vote to terminate Defendants as fund manager for the Funds.  During this meeting,

the Board decided to exercise its right pursuant to FMA § 6.4.3 to require Defendants to continue

working for the Funds for a 30-day transition period. (Oct. 30, 2013 Garrison Decl. ¶ 3.)

11.      Plaintiffs filed the Complaint commencing this action on January 24, 2013. (*See*

*generally* Compl.)  The Complaint made claims for (i) violation of the Investment Advisers Act

against all defendants (Compl. ¶¶ 31-34); (ii) breach of contract against the HDG Entities

(Compl. ¶¶ 35-38); (iii) breach of fiduciary duty against the HDG Entities (Compl. ¶¶ 35-38);

(iv) aiding and abetting breach of fiduciary duty against Mr. Garrison (Compl. ¶¶ 42-46); and (v)

fraud against all defendants. (Compl. ¶¶ 47-52.)

12.      On the same day, Plaintiffs also filed a motion for a preliminary injunction (Dkt.

No. 2.)

13.      At a hearing on January 31, 2013, this Court denied Plaintiffs' motion for a

preliminary injunction because they sought only money damages. (Earley Decl. ¶ 3 and Ex. 2.)

14.      On February 5, 2013, Plaintiffs filed a motion for partial summary judgment on

this breach of contract claim. (Dkt. No. 18.)

15.      This Court granted that motion on August 1, 2013 (Dkt. No. 34), holding that

Plaintiffs were entitled to $5,818,682, plus interest, as damages for their breach of contract

claim. (Dkt. No. 34 at 18.)

16.     In its August 1, 2013 opinion, the Court declined to enter a final judgment on the breach of contract claim. (Dkt. No. 34 at 20.)

17.     The Court reaffirmed its decision not to enter a partial final judgment in its December 20, 2013 decision (Dkt. No. 85), which also denied the parties' respective summary judgment motions on Defendants' counterclaims. (Dkt. No. 85 at 1.)

Dated: New York, New York
       December 30, 2013

Respectfully submitted,

MINTZ LEVIN COHEN FERRIS GLOVSKY
AND POPEO, P.C.

Francis J. Earley
John S. McMahon III
Chrysler Center
666 Third Avenue
New York, New York 10017
(212) 935-3000
(212) 983-3115 (Fax)
*Attorneys for Defendants*

4