UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GPIF-I EQUITY CO., LTD. and                                       :
GPIF-I FINANCE CO., LTD.,                                         :
                                                                  :
       Plaintiffs-Counterclaim Defendants,    :
                                                                  :
v.                                                                :   **Case No. 13 Civ 547 (CM)**
                                                                  :
HDG MANSUR INVESTMENT SERVICES, INC.,                             :
HDGM ADVISORY SERVICES, LLC, and                                  :
HAROLD D. GARRISON                                                :
                                                                  :
       Defendants-Counterclaim Plaintiffs.    :
------------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFFS' COUNTS I, III, IV, AND V**

MINTZ LEVIN COHN FERRIS
 GLOVSKY AND POPEO, P.C.
Francis J. Earley
John S. McMahon III
Chrysler Center
666 Third Avenue, 25th Floor
New York, New York 10017
FEarley@mintz.com
TMcMahon@mintz.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

 A. Plaintiffs' Initial Filings in January 2013 ............................................................... 2

 B. Plaintiffs Receive Judgment for $5.8 Million in Damages ..................................... 3

STANDARD OF REVIEW ..................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

 I. The Investment Advisers Act Claim Fails Because Plaintiffs Terminated the Agreement and it Seeks Duplicative Damages .......................................................................... 4

 II. The Breach of Fiduciary Duty Claim Is Duplicative and Seeks Identical Damages as the Breach of Contract Claim ................................................................................... 6

 III. The Aiding and Abetting Breach of Fiduciary Duty Claim Is Duplicative and Fails to Allege a Third Party ............................................................................................... 8

 IV. The Fraud Claim Is Also Duplicative of the Contract Claim on Which This Court Has Already Ruled ....................................................................................................... 10

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

                                                                                                                         Page(s)

### CASES

*Alitalia Linee Aeree Italiane v. Airline Tariff Publ'g Co.*,
   580 F. Supp. 2d 285 (S.D.N.Y. 2008) .......................................................................... 6, 8

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .......................................................................................................... 4

*Clarke v. Trs. of Columbia Univ.*,
   95 Civ. 10627 (PKL), 1996 WL 609271 (S.D.N.Y. Oct. 22, 1996) ................................. 3

*Druyan v. Jagger*,
   508 F. Supp. 2d 228 (S.D.N.Y. 2007) (McMahon, J.) ............................................. 10, 11

*Frank Russell Co. v. Wellington Mgmt. Co.*,
   154 F. 3d 97 (3d Cir. 1998) ............................................................................................... 4

*Horwitz-Matthews, Inc. v. City of Chicago*,
   78 F.3d 1248 (7th Cir. 1996) ............................................................................................ 4

*In re Eugenia VI Venture Holdings Ltd. Litig.*,
   649 F. Supp. 2d 105 (S.D.N.Y. 2008), *aff'd*, 370 Fed App'x 197 (2d Cir. 2010) ............ 9

*Kahn v. Kohlberg, Kravis, Roberts & Co.*,
   970 F.2d 1030 (2d Cir. 1992) ........................................................................................... 4

*Lefkowitz v. Bank of New York*,
   676 F. Supp. 2d 229 (S.D.N.Y. 2009) .............................................................................. 8

*Merine v. Prudential-Bache Utility Fund, Inc.*,
   859 F. Supp. 715 (S.D.N.Y. 1994) ................................................................................... 4

*N. Shipping Funds I, LLC v. Icon Capital Corp.*,
   921 F. Supp. 2d 94 (S.D.N.Y. 2013) ........................................................................... 6, 8

*Perkins v. Am. Transit Ins. Co.*,
   10 Civ. 5655 (CM), 2013 WL 174426 (S.D.N.Y. Jan. 14, 2013) (McMahon, J.) ....... 6, 8

*Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*,
   449 F. App'x 57 (2d Cir. 2011) ...................................................................................... 10

*Rafter v. Liddle*,
   704 F. Supp. 2d 370 (S.D.N.Y. 2010) ............................................................................ 10

*Solow v. Stone*,
   994 F. Supp. 173 (S.D.N.Y. 1998), *aff'd*, 163 F.3d 151 (2d Cir. 1998) .......................... 9

*Sungchang Interfashion Co., Ltd. v. Stone Mountain Accessories, Inc.*,
   12 Civ. 7280 (ALC)(DCF), 2013 WL 5366373 (S.D.N.Y. Sept. 25, 2013) ............................. 11

*Transamerica Mortgage Advisors, Inc. v. Lewis*,
   444 U.S. 11 (1979) ............................................................................................................. 4

**STATUTES**

Fed. R. Civ. P. 56(c) ............................................................................................................. 3

Defendants-Counterclaim Plaintiffs HDG Mansur Investment Services, Inc. and HDGM Advisory Services, LLC (the "HDG Entities") and Harold D. Garrison (together with the HDG Entities, "Defendants") respectfully submit this Memorandum of Law, along with the Declaration of Francis J. Earley, dated December 30, 2013 ("Earley Decl."), and the exhibits attached thereto, in support of Defendants' motion for summary judgment on Counts I, III, IV and V of Plaintiffs' Complaint.

## PRELIMINARY STATEMENT

Plaintiffs have a breach of contract claim and nothing more. Plaintiffs' breach of fiduciary duty and common law fraud claims are duplicative of their breach of contract claim and must be dismissed. In addition, Plaintiffs' claim for a violation of the Investment Advisers Act must be dismissed because (i) the remedy of rescission cannot be pursued following the termination of the underlying agreement and (ii) rescission of all of the fees earned by Defendants under the agreement would be a punitive remedy disallowed under New York law.

This Court has consistently recognized that all of Plaintiffs' claims are predicated on their breach of contract claim. At the very beginning of this action, the Court stated:

> THE COURT: Mr. Platt, you have a breach of contract claim. You can't turn it into anything else. You have a breach of contract.

(Jan. 31, 2013 Tr. 3:17-22.[1])

In addition, in its December 20, 2013 decision (Dkt. No. 85), this Court noted that the judgment in Plaintiffs' favor on their breach of contract claim "is not separable from the remaining claims in Plaintiffs' complaint, every one of which grows out of Plaintiffs' breach of contract claim." (Dkt. No. 85 at *8.)

---

[1] For ease of reference, relevant excerpts from the transcript of the January 31, 2013 proceeding before this Court ("Jan. 31, 2013 Tr.") are attached as Ex. 2 to the Earley Decl.

1

Moreover, Plaintiffs' Complaint and discovery in this action conclusively demonstrate that Plaintiffs' remaining claims are predicated on the same set of facts as their breach of contract claim and seek identical damages. Plaintiffs' remaining claims are duplicative and must be dismissed as a matter of law.

## STATEMENT OF FACTS

This memorandum discusses only the facts and events relevant to the instant motions. The Court's August 1, 2013 Opinion (Dkt. No. 34) contains a more detailed history of this action and the relationship between the parties.

### A.   Plaintiffs' Initial Filings in January 2013

Plaintiffs filed the Complaint commencing this action on January 24, 2013. (*See generally* Compl.) The complaint made claims for (i) violation of the Investment Advisers Act against all defendants (Compl. ¶¶ 31-34); (ii) breach of contract against the HDG Entities (Compl. ¶¶ 35-38); (iii) breach of fiduciary duty against the HDG Entities (Compl. ¶¶ 39-41); (iv) aiding and abetting breach of fiduciary duty against Mr. Garrison (Compl. ¶¶ 42-46); and (v) fraud against all defendants (Compl. ¶¶ 47-52).

On the same day, Plaintiffs also filed a motion for a preliminary injunction. (Dkt. No. 2.) At a hearing on January 31, 2013, this Court denied that motion on the grounds that Plaintiffs sought only money damages. (January 31, 2013 Tr. at 15:24-16:1.)

By the time of the filing of the Complaint, Plaintiffs had already terminated the HDG Entities as Fund Manager of the Funds. (*See, e.g.,* Earley Decl. Ex. 1 (January 14, 2013 letter to Mr. Garrison from Paul Dawe, member of the Boards of Directors of the Funds, providing "adequate confirmation" and "formal written notice" of the termination of the HDG Entities, effective January 2, 2013).)

B.   **Plaintiffs Receive Judgment for $5.8 Million in Damages**

Plaintiffs' second claim, for breach of contract, alleges that:

> 37.   The HDG Entities breached the Agreements by paying themselves, out of the Funds' assets, $5,818,682 to which the HDG Entities were not entitled under the Agreements, and by taking this money without approval from the Funds.
>
> 38.   The HDG Entities' breaches of the Agreements proximately caused the Funds harm in the amount of $5,818,682, plus interest and costs incurred by the Funds in an amount to be determined at trial. The Funds are entitled to recover those amounts.

(Compl. ¶¶ 37-38.)

On February 5, 2013, Plaintiffs filed a motion for partial summary judgment on this breach of contract claim. (Dkt. No. 18.) This Court granted that motion on August 1, 2013, holding that Plaintiffs were entitled to $5,818,682, plus interest, as damages for their claim for breach of contract. (Dkt. No. 34 at *18.) The Court declined to enter a final judgment on the breach of contract claim. (*Id.* at *20.) The Court reaffirmed its decision not to enter a partial final judgment in a December 20, 2013 decision, which also denied the parties' respective summary judgment motions on Defendants' counterclaims. (Dkt. No. 85 at *1.)

## STANDARD OF REVIEW

Summary judgment must be rendered if the pleadings and evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where the non-moving party bears the ultimate burden of proof at trial, the movant may satisfy its burden by pointing to the absence of evidence supporting an essential element of the non-moving party's claim. *See Clarke v. Trs. of Columbia Univ.*, 95 Civ. 10627 (PKL), 1996 WL 609271, at *4 (S.D.N.Y. Oct. 22, 1996). Only disputes over material facts—facts that might affect the outcome of the suit under the governing law—will

3

properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ARGUMENT

As set forth above, this Court recognized at the very outset of this case that Plaintiffs have tried to dress-up their breach of contract claim as something else. (Jan. 31, 2013 Tr. at 3:17-22.) The Court is correct, and the non-contract claims must be dismissed.

I.  **The Investment Advisers Act Claim Fails Because Plaintiffs Terminated the Agreement and it Seeks Duplicative Damages**

Plaintiffs' Investment Advisers Act ("IAA") claim must fail because the IAA does not provide any remedy that is available to Plaintiffs. The Supreme Court has held that the IAA creates a private right of action only for plaintiffs who seek to rescind an investment adviser contract. *See Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19 (1979); *see also Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1033 (2d Cir. 1992) (a plaintiff's "sole private remedy available under the [Investment] Advisers Act" is an action for rescission) (*abrogated on other grounds by Merine v. Prudential-Bache Utility Fund, Inc.*, 859 F. Supp. 715, 719 n.2 (S.D.N.Y. 1994)). However, where plaintiffs have already terminated the contract, as the Funds have done here, rescission is no longer an available remedy. *See Frank Russell Co. v. Wellington Mgmt. Co.*, 154 F.3d 97, 102 (3d Cir. 1998) (finding that because the plaintiff voluntarily cancelled the contract, it was prevented from suing for a breach of duties under the IAA); *Horwitz-Matthews, Inc. v. City of Chicago*, 78 F.3d 1248, 1251 (7th Cir. 1996) ("when a contract is terminated, even wrongfully, there is no longer a contract… there is only a right to seek and a duty to pay damages caused by the termination").

4

During the January 31, 2013 Order to Show Cause hearing, this Court reiterated this well-settled rule that a plaintiff cannot make a claim for violation of the IAA after termination of the underlying contract:

> THE COURT: You have no claim under the Investment Advisers Act, because you have already terminated the contract.
>
> . . .
>
> THE COURT: The Investment Advisers Act is very clear. There is one private right of action available and it is for rescission of the contract, and you have self-helped yourself to that. You have terminated the contract, so okay.

(Jan. 31, 2013 Tr. 3:22-24; 5:6-9.) Consequently, Plaintiffs cannot sustain a claim for violation of the IAA.

In addition, Plaintiffs' IAA claim must fail because the only damages which Plaintiffs seek are rescission and the same $5.8 million in damages awarded to them through their breach of contract claim, neither of which are recoverable for the IAA claim. (Compl. ¶ 34.) With respect to rescission, awarding back to Plaintiffs "all amounts paid to the HDG Entities under the Agreements" as requested in paragraph 34 of the Complaint would constitute precisely the type of "windfall recovery" which New York law does not allow. (See Dkt. No. 85 at *6.) With respect to the $5.8 million in damages, Plaintiffs' witness Deborah Hazell, a member of the Board of Directors of the Funds, testified that the damages sought under the IAA claim are identical to the damages already awarded to the Plaintiffs on their breach of contract claim:

> Q: Are those – the $5.8 million – $5,818,682, are those the damages the Funds are seeking in relation to their first claim for relief under the violation of Investment Adviser Act?
>
> A: The – the Fund is asking for repayment of the money that he took, and that is the money that he took to which he was not entitled, and we were asking him to put it back into the Fund.

(Transcript of the Deposition of Deborah Hazell, dated December 4, 2013 ("Hazell Tr."), at 90:2-13.[2]) Since Plaintiffs seek no additional damages beyond those already awarded to them on their breach of contract claim, to receive damages on their IAA claim would be the type of windfall disallowed under New York law. The IAA claim must be dismissed.

## II. The Breach of Fiduciary Duty Claim Is Duplicative and Seeks Identical Damages as the Breach of Contract Claim.

Plaintiffs' breach of fiduciary duty claim is duplicative of their breach of contract claim and must be dismissed. In New York, "[w]here a fiduciary duty is based upon a comprehensive written contract between the parties, a claim for breach of fiduciary duty is duplicative of a claim for breach of contract." *Alitalia Linee Aeree Italiane v. Airline Tariff Publ'g Co.*, 580 F. Supp. 2d 285, 294 (S.D.N.Y. 2008); *see also Perkins v. Am. Transit Ins. Co.*, 10 Civ. 5655 (CM), 2013 WL 174426, at *10 (S.D.N.Y. Jan. 14, 2013) (McMahon, J.) (noting that plaintiffs "cannot pursue a separate breach of fiduciary duty claim based on allegations of fiduciary wrongdoing that are either expressly raised in plaintiff's breach of contract claim or encompassed within the contractual relationship by the requirement implicit in all contracts of fair dealings and good faith") (internal quotation marks and citations omitted); *N. Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 106 (S.D.N.Y. 2013) (dismissing the plaintiff's breach of fiduciary claim because it "is identical in substance to the breach of contract claim and is therefore duplicative. Both claims are *premised upon the same facts and seek the same damages for the alleged conduct*.") (emphasis added).

It is undisputed that the fiduciary duty owed by the HDG Entities to Plaintiffs arose out of the contractual agreement between the parties. Ms. Hazell testified to this explicitly:

---

[2] Relevant excerpts of the Hazell Tr. are attached as Ex. 3 to the Earley Decl.

> Q. Do you know if the Fund Manager owed a fiduciary duty to the Funds?
>
> A. Absolutely.
>
> Q. And the fiduciary duty derives from the Fund Manager Agreement?
>
> A. Yes.

(Hazell Dep. 126:25 – 127:6.)

Moreover, the Complaint demonstrates that these claims arise out of the same set of facts. Plaintiffs' breach of contract claim in Count II of the Complaint alleges:

> 37. The HDG Entities breached the Agreements *by paying themselves, out of the Funds' assets, $5,818,682 to which the HDG Entities were not entitled under the Agreements, and by taking this money without approval from the Funds.*
>
> 38. The HDG Entities' breaches of the Agreements proximately caused the Funds harm in the amount of $5,818,682, plus interest and costs incurred by the Funds in an amount to be determined at trial. The Funds are entitled to recover those amounts.

(Compl. ¶¶ 37-38 (emphasis added).)

Count III for breach of fiduciary duty is substantively identical to Count II for breach of contract and alleges:

> 41. The HDG Entities breached their fiduciary duties to the Funds and the Funds' shareholders *by paying themselves millions of dollars out of Funds' assets to which they were not entitled, by taking this money without approval from the Funds*, by putting their own interests ahead of the interests of the Funds and the Funds' shareholders, and by refusing to put this money in escrow pending a resolution of the dispute.
>
> The HDG Entities' breaches of fiduciary duties proximately caused the Funds harm in the amount of $5,818,682 plus interest and costs incurred by the Funds in an amount to be determined at trial. The Funds are entitled to (a) rescind the Agreements and recover all amounts paid to the HDG Entities under the Agreements and all costs incurred by the Funds . . .

(Compl. ¶ 41 (emphasis added).) Both claims are predicated on the identical alleged set of facts: that the HDG Entities paid themselves the same monies from the Funds' assets to which they were not entitled without approval. Moreover, during her deposition, Ms. Hazell reiterated that Plaintiffs are seeking the same damages in their breach of their contract claim as they are seeking in their breach of contract claim:

> Q: If you can move on to the bottom of page 10, Third Claim For Relief, the last paragraph also sets forth damages of $5,818,682, plus interest and costs incurred...Other than the $5,818,682 set forth there, are there additional interests or costs the Funds are seeking to recover for their breach of fiduciary duty claim against the HDG Entities?
>
> A: Isn't that the numbers I just gave you?
>
> Q: Are they the same?
>
> A: I mean, that – that's the cost to the Fund. We're – we're not trying to get anything other than what the Fund has lost.

(Hazell Tr. at 93:8–94:2.)

Since Plaintiffs' breach of fiduciary duty claim alleges the same misconduct and seeks the exact same damages as the breach of contract claim and there is no fiduciary duty that exists between the parties independent of their contract, the breach of fiduciary duty claim is duplicative and should be dismissed. *Alitalia,* 580 F. Supp. 2d at 294; *Perkins,* 2013 WL 174426, at *11; *N. Shipping,* 921 F. Supp. 2d at 106.

### III.   The Aiding and Abetting Breach of Fiduciary Duty Claim Is Duplicative and Fails to Allege a Third Party

Because Plaintiffs' breach of fiduciary duty claim against the HDG Entities fails, so must Plaintiffs' claim against Mr. Garrison for aiding and abetting breach of fiduciary duty. *See Lefkowitz v. Bank of New York,* 676 F. Supp. 2d 229, 263 (S.D.N.Y. 2009) ("For reasons already noted, plaintiff does not plead a cognizable primary fiduciary breach. Necessarily, then, her

8

claim for aiding and abetting those purported breaches must also fail."); *In re Eugenia VI Venture Holdings Ltd. Litig.*, 649 F. Supp. 2d 105, 126 (S.D.N.Y. 2008), *aff'd*, 370 Fed App'x 197 (2d Cir. 2010) ("Without a surviving derivative breach of fiduciary duty claim, Plaintiff's appended claim that Defendants aided and abetted said breaches of fiduciary duty also fails").

Even if the underlying breach of fiduciary duty claim were sustained, Plaintiffs still could not make a claim against Mr. Garrison for aiding and abetting a breach of fiduciary duty. Mr. Garrison is an officer of the entities who allegedly breached their fiduciary duties, and thus he is not a third party and cannot be liable for aiding and abetting the alleged breach. *Solow v. Stone*, 994 F. Supp. 173, 181 (S.D.N.Y. 1998), *aff'd*, 163 F.3d 151 (2d Cir. 1998) ("a third-party relationship between the alleged aider and abettor and the corporation is a necessary element in any such action"). In dismissing the claim for aiding and abetting breach of fiduciary duty, the *Solow* court held that "the [defendant] administrators," who "were part of [the breaching company's] corporate structure," held "a position qualitatively different from that of the law firms, accounting firms, and banks that the Second Circuit has recognized as third parties for purposes of an aiding and abetting claim." 994 F. Supp. at 181. And on appeal, the Second Circuit affirmed this holding, stating that "the administrators were corporate insiders or representatives who dominated and controlled [the breaching company's] affairs, not the independent third parties (or outsiders to [the breaching company]) who could be held liable for aiding and abetting a breach of fiduciary duty." *Solow v. Stone*, 163 F.3d 151, 152 (2d Cir. 1998). Because Mr. Garrison has been the Chairman and Chief Executive Officer of the HDG Entities at all relevant times (*see* Compl. ¶ 10), he is not a third party to the HDG Entities and thus a claim against him for aiding and abetting the HDG Entities' alleged breach of fiduciary duty must fail.

In addition, Plaintiffs' aiding and abetting breach of fiduciary claim arises out of the same set of facts and seeks the same damages as Plaintiffs' breach of contract claim. *See* Compl. ¶ 46 ("Mr. Garrison's substantial assistance in the HDG Entities' breach of their fiduciary duties to the Funds caused the Funds harm in the amount of $5,818,682, plus interest and costs incurred by the Funds in an amount to be determined at trial."); (Hazell Tr. at 94:3 – 95:5 (noting that the same damages are sought in this claim as the breach of contract claim). It therefore also must be dismissed because it is duplicative.

### IV. The Fraud Claim Is Also Duplicative of the Contract Claim on Which This Court Has Already Ruled

"New York State law holds that where the alleged fraud is indistinguishable from the breach of contract, no fraud cause of action arises." *Rafter v. Liddle*, 704 F. Supp. 2d 370, 376 (S.D.N.Y. 2010); *see also Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59 (2d Cir. 2011) ("Under New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to repackage them as sounding in fraud . . . and other torts . . . are generally precluded, unless based on a duty independent of the contract."). "It is axiomatic that a plaintiff cannot plead a fraud claim based on the same facts that underlie her breach of contract claim unless she (i) demonstrates a legal duty separate from the duty to perform under the contract; (ii) demonstrates a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seeks special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Druyan v. Jagger*, 508 F. Supp. 2d 228, 239 (S.D.N.Y. 2007) (McMahon, J.).

Plaintiffs' fraud claim is predicated on exactly the same set of facts and seeks the same damages as those sought in their breach of contract claim. There was no relationship or duties between any of the Defendants and Plaintiffs that would have existed independently of their

10

contractual relationship. Plaintiffs do not allege and there is no evidence that Defendants made any fraudulent misrepresentation collateral to or extraneous to the contract. And there are no special damages in Plaintiffs' fraud claim beyond those sought in their breach of contract claim. In fact, the core of Plaintiffs' fraud claim alleges that the Defendants took $5,818,682 over the course of 2012 without entitlement to it and without approval from the Board, which is a claim for *identical* damages. *See* Compl. ¶ 52 ("As a result of the fraud of the HDG Entities and Mr. Garrison, the Funds have suffered damages in the amount of $5,818,682"); Hazell Tr. at 94:21-96:10 (agreeing that the fraud claims seeks the same damages as the breach of contract claim). The fraud claim is duplicative and must be dismissed.

In addition, the fraud claim against Mr. Garrison is deficient because Plaintiffs fail to even allege what Mr. Garrison individually did in furtherance of any alleged fraudulent scheme. *See Druyan*, 508 F. Supp. 2d at 242 ("[W]here multiple Defendants are alleged to have committed fraud, the Complaint must allege specifically the fraud perpetrated by each defendant."). Moreover, "it is well established that to allege a cause of action against a shareholder or officer, a plaintiff must do more than conclusorily state that the shareholder or officer exercises domination and control over the corporation. Rather, a plaintiff must allege specific facts showing that the shareholder or officer is doing business in his or her individual capacity without regard to corporate formality." *Sungchang Interfashion Co., Ltd. v. Stone Mountain Accessories, Inc.*, 12 Civ. 7280 (ALC)(DCF), 2013 WL 5366373, at *11 (S.D.N.Y. Sept. 25, 2013). Here, even viewing the evidence in the light most favorable to Plaintiffs for purposes of summary judgment, there is no evidence that Mr. Garrison took any action in an individual capacity as opposed to as an officer of the company that would give rise to a fraud claim.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' remaining claims.

Dated: December 30, 2013  
      New York, New York

MINTZ LEVIN COHN FERRIS  
GLOVSKY AND POPEO, P.C.

By: __/s/ Francis Earley__  
Francis J. Earley  
John S. McMahon III  
Chrysler Center  
666 Third Avenue, 25th Floor  
New York, New York 10017  
(212) 935-3000  
FEarley@mintz.com  
TMcMahon@mintz.com

*Attorneys for Defendants HDG Mansur Investment Services, Inc., HDGM Advisory Services, Inc., and Harold D. Garrison*