# WILMERHALE

April 30, 2014

**Charles C. Platt**

+1 212 230 8860 (t)
+1 212 230 8888 (f)
charles.platt@wilmerhale.com

<u>Via ECF</u>

Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom: 14C
New York, NY 10007-1312

Re: *GPIF-I Equity Co., Ltd., et al. v. HDG Mansur Investment Services, Inc., et al.*,
Case No. 13 Civ. 547 (CM)

Dear Judge McMahon:

Plaintiffs GPIF-I Equity Co., Ltd. and GPIF-I Finance Co., Ltd. (the "Funds") oppose defendants' request to postpone the trial date.

The defendants' request is not supported by any legal precedent, and we are aware of none that would permit a last-minute adjournment of a trial-ready civil case based on a defendant's vague reference to some unspecified investigation by the United States Attorney's Office. *See Sterling Nat'l Bank v. A-1 Hotels Internat'l, Inc.*, 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001) ("[D]istrict courts in this Circuit generally grant the extraordinary remedy of a stay only after the defendant seeking a stay has been indicted.") (citation and quotations omitted); *JHW Greentree Capital, L.P. v. Whittier Trust Co.*, 2005 U.S. Dist. LEXIS 14687, *2 (S.D.N.Y. 2005) ("[A]bsent an indictment, a stay is an extraordinary remedy and disfavored."). There is no "chilling effect" on the defendants' ability to testify—they have not been indicted, they already testified at deposition and submitted numerous sworn statements on the issues in this case, and they assert there is no basis for any charges. Any possible exposure to defendants is far outweighed by the prejudice to plaintiff Funds, and their innocent shareholders who were victimized, as they have waited a long time to recover the $5.8 million that defendants misappropriated. *See Sterling Nat'l Bank*, 175 F. Supp. 2d at 578 (plaintiff's interest in "proceeding expeditiously . . . is pronounced [where] it is unclear whether defendants have sufficient assets to permit any meaningful recovery, and permitting a further delay during which assets can be dispersed or hidden -- or called upon for the expensive business of defending a grand jury investigation and potential criminal litigation -- will increase the risks that plaintiff could succeed in the litigation, without being able to collect on any judgment.") (citation and quotation omitted); *JHW Greentree Capital* at *5 (plaintiffs' "fears that an indefinite stay of this case would frustrate any real recovery should they succeed . . . weighs indubitably against a stay.").

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

April 30, 2014
Page 2

The defendants' letter is also based on an incorrect central premise: the United States Attorney's Office investigation was *not* "initiated at the request of plaintiffs' counsel," as defendants claim. The plaintiffs reported the circumstances concerning the misappropriation of the Funds' assets to the Securities and Exchange Commission. Plaintiffs were then asked to provide that information to the United States Attorney's Office as well. The defendants have known of the SEC investigation since at least last fall, and asked for all documents related to that investigation as part of their discovery in this case.

To the extent the Court is inclined to grant defendants' request, plaintiffs ask that any postponement be made contingent upon defendants placing the $5.8 million required to satisfy the Court's partial summary judgment for plaintiffs in escrow.

Respectfully submitted,

*[signature]*

Charles C. Platt

cc:   Francis J. Earley, Esq. (via ECF and email)
      John S. McMahon III, Esq. (via ECF and email)