```
┌─────────────────────────┐
│ USDC SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #:                  │
│ DATE FILED:  9/11/14    │
└─────────────────────────┘
```

**WILMERHALE**

August 21, 2014

**Charles C. Platt**

+1 212 230 8860 (t)
+1 212 230 8888 (f)
charles.platt@wilmerhale.com

<u>Via ECF</u>

Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom: 14C
New York, NY 10007-1312

9/10/2014

Look, this case is sorry + tried. You have evidence, put it in evidence — the fact that there is a parallel cross moves my not at all.

Re: *GPIF-I Equity Co., Ltd., et al. v. HDG Mansur Investment Services, Inc., et al.*,
Case No. 13 Civ. 547 (CM)

**MEMO ENDORSED**

Dear Judge McMahon:

I write on behalf of GPIF-I Equity Co., Ltd. and GPIF-I Finance Co., Ltd. ("Plaintiffs") in the above-captioned matter to provide the Court with a copy of the Particulars of Claim asserted by Al-Muthanna Investment Company, et al., against Harold Garrison and HDG Mansur Investment Services, Inc., defendants in above-captioned matter, in the High Court of Justice, Queen's Bench Division, Commercial Court in the United Kingdom (the "Al Muthanna litigation").

In the 211 count complaint, the Al-Muthanna claimants allege that they were induced by Garrison to invest in a Shari'ah compliant real estate development administered by a Garrison-controlled entity through agreements with underlying project companies and that Garrison and the entities he controlled misappropriated funds from the project companies and engaged in deceit to hide the misappropriation. Similar to the case pending before your Honor, the claimants in the Al Muthanna litigation assert that:

- Garrison, through various HDG entities that were under his "absolute control and direction," ¶ 26, "systematically and consistently misappropriated funds from the Project Companies in breach of Agreements and for the benefit of Mr. Garrison and/or his corporate entities . . ." ¶ 12.

- The HDG asset manager entity "has taken steps demonstrably intended to hide the fact and extent of that misappropriation, by bringing into existence false invoices and by falsely describing the those invoices in the records of the Project Companies." ¶ 12.

- Garrison and HDG entities accomplished the misappropriation by retroactively increasing the amount of asset management fees and charging the increased amount to the project companies, among other overcharges, and that in reporting to claimants about

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

August 21, 2014
Page 2

      the development, Garrison omitted to disclose sums being charged by the HDG entities. ¶¶ 104, 195.

Respectfully submitted,

*[signature]*

Charles C. Platt

Encl.

cc:    Francis J. Earley, Esq. (via ECF and email)
       John S. McMahon III, Esq. (via ECF and email)
       Scott A. Rader, Esq. (via ECF and email)